NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CAROLINE D. BOTE, Debtor, | No. 18-17180 |
| Appellant, | D.C. No. 3:18-cv-02246-WHO |
| v. | |
| DEVIN DERHAM-BURK, Trustee, | MEMORANDUM* |
| Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted February 3, 2020
San Francisco, California

Before: PAEZ and BEA, Circuit Judges, and JACK,** District Judge.

Caroline D. Bote appeals from the district court's judgment affirming the

bankruptcy court's order dismissing her chapter 13 bankruptcy case. We have

jurisdiction under 28 U.S.C. § 158(d). We review for abuse of discretion a

bankruptcy court's decision to dismiss a chapter 13 case "for cause" under 11

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Janis Graham Jack, United States District Judge for
the Southern District of Texas, sitting by designation.

U.S.C. § 1307(c). *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1222–23 (9th Cir. 1999). We review de novo the bankruptcy court's legal conclusions and for clear error the bankruptcy court's factual findings. *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990). We affirm.

The bankruptcy court has discretion to dismiss a chapter 13 case "for cause," which includes "material default by the debtor with respect to a term of a confirmed plan." *See* 11 U.S.C. § 1307(c)(6).

Bote does not dispute that a term of her confirmed chapter 13 plan ("Plan") was completion "within 60 months from the date the first plan payment is due" and that the completion date was February 11, 2018. Bote also does not dispute that failure to complete plan payments constitutes material default and cause for dismissal.

On March 9, 2018 (nearly one month after the Plan completion date elapsed), the U.S. Trustee filed a motion to dismiss the case on the basis that Bote had failed to complete payments sufficient to satisfy all allowed claims within the permitted duration of the Plan. The bankruptcy court also found that the U.S. Trustee's motion was properly served and noticed, and Bote filed an untimely opposition to the motion.

We find no clear error in the bankruptcy court's factual findings and no abuse of discretion in the decision to dismiss Bote's chapter 13 case. In light of

Bote's failure to make plan payments sufficient to satisfy all allowed claims within the 60-month duration of the Plan, it was proper to conclude that Bote had materially defaulted on the Plan. Additionally, in light of Bote's late opposition to the motion to dismiss and failure to explain the late filing, it was also proper to conclude under the local bankruptcy rules that the U.S. Trustee was entitled to the requested relief by default. *See* N.D. Cal. B.L.R. 9014-1(b)(4). Whether the bankruptcy court dismissed the case on the merits as a result of Bote's failure to make plan payments or by default as a result of Bote's failure to file a timely opposition to the motion to dismiss, the bankruptcy court did not abuse its discretion in either case. *See Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000) ("[T]he decision of a trial court is reversed under the abuse of discretion standard only when the appellate court is convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances.").

In light of our conclusion that the dismissal of Bote's bankruptcy case was not an abuse of discretion, we need not consider her contention that the bankruptcy court erred by vacating a scheduled hearing on her objection to the California Franchise Tax Board's proof of claim.

We do not consider the merits of Bote's argument that the bankruptcy court abused its discretion by dismissing her case as a sanction for her untimely filing. Bote failed to adequately raise this argument before the district court. *See Thacker*

*v. FCC (In re Magnacom Wireless, LLC)*, 503 F.3d 984, 996 (9th Cir. 2007); *see also Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellee's motion for judicial notice (Docket Entry No. 17) is denied as unnecessary.

**AFFIRMED.**

4                                                                                  18-17180